IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 05-305-01 |
| | : | |
| TOMMY NGUYEN, | : | (Judge Walton) |
| | : | |
| Defendant | : | |

### POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS

COMES NOW the defendant, Tommy Nguyen, by Gregory B. English, his retained attorney, and submits this pleading in accordance with Rule 32 of the Federal Rules of Criminal Procedure and U.S.S.G. §6A1.2.  We concur with the computations of the probation office and have no objections to the presentence report (hereinafter "PSR").  The advisory guideline range for imprisonment of 37 to 46 months was correctly computed.

### The §3553(a) Factors

The decision of the Supreme Court in United States v. Booker, _ U.S. _, 125 S.Ct. 738 (2005), effectively rendered the Federal Sentencing Guidelines advisory.  Booker requires this court to consider all of the factors listed at 18 U.S.C. §3553(a), including the advisory guidelines, in imposing a just sentence.  The overriding principle of §3553(a) is that courts impose a sentence "sufficient, but not greater than necessary" to comply with the four purposes of sentencing which are retribution, deterrence, incapacitation, and rehabilitation.  This is commonly referred to as the "Parsimony Provision."  The Parsimony

1

Provision effectively puts a ceiling on the sentence provided by the other factors. Furthermore, the judge is required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. §3582(a).

These §3582(a) factors are listed as follows:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the kinds of sentence available;
(3) the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guidelines range;
(4) the need to avoid unwarranted sentencing disparity; and
(5) the need to provide restitution where applicable.

It is important to note that neither the statute itself nor Booker suggest that any one of these factors is to be given greater weight than any of the others, but all are subservient to the §3553(a) mandate to impose a sentence not greater than necessary to comply with the four purposes of sentencing.

In applying these factors to the defendant, we noticed that the instant conviction is his first. His criminal history score is zero (Page 6, ¶28, PSR). The defendant has been continuously incarcerated since he was arrested on July 13, 2005 (Page 1, PSR), so by the date of sentencing he will have served approximately 6-1/2 months of incarceration. At the defendant's guilty plea hearing this court graciously granted counsel's request that the defendant be transferred from the D.C. Jail to CTF for his protection. Unfortunately, the District of Columbia Department of Corrections did not act on this court's order until January so the defendant was exposed to extremely onerous conditions of confinement. Indeed, on November 14, 2005 counsel was informed by the defendant that the codefendant, Nahn Thanh Nguyen, had threatened to kill him because of his cooperation with the prosecution. Ironically, this threat occurred when the defendant and codefendant

2

were together for religious services several days earlier. Counsel communicated this information to the prosecution as soon as it was received. Despite this threat, the defendant remains ready, willing and able to testify against the codefendant at his pending trial which is scheduled on February 22, 2006 (Page 3, ¶5, PSR).

In addition, the defendant's acceptance of responsibility has been exemplary. At his first appearance before this court with the undersigned counsel on September 15, 2005, the defendant informed the court that he was prepared to plead guilty so that proceeding was scheduled for September 30, 2005. The codefendant was present when this information was relayed to the court. In addition, undersigned attorney informed the counsel for the codefendant on that day that the defendant would be testifying against their client.

The defendant has a strong work ethic and has always been gainfully employed (Page 9, ¶¶40-48, inclusively, PSR). He has recently married and is in the process of obtaining permission for his wife to come to the United States from Vietnam (Page 7, ¶34, PSR).

Accordingly, under all of these circumstances, we request that this court render a lateral departure in the guidelines from Zone D to Zone A and then sentence the defendant to a total sentence of 37 months, but to structure the sentence as follows: incarceration for time served with the remainder of the 37months to be served in home detention with work release authorized as a condition of supervised release.

Respectfully submitted,

/s/ Gregory B. English
Gregory B. English
VA Bar No. 25928
English & Smith
526 King Street, Suite 213
Alexandria, Virginia 22314
(703) 548-8911
Fax (703) 548-8935
*Counsel for Defendant*

## Certificate of Service

I hereby certify that a true copy of the foregoing pleading was filed via the ECF system on this 10th day of January, 2006.

/s/ Gregory B. English
Gregory B. English