**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL NO. 05-305 (RBW)** |
| | **:** | |
| **v** | **:** | |
| | **:** | |
| **TOMMY NGUYEN** | **:** | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing of Defendant Tommy Nguyen. In Defendant's Position of Defendant with Respect to Sentencing Factors, defendant agrees that the Sentencing Guideline Range is 37 to 46 months, but asks that he be allowed to serve his sentence in this range as home confinement. The Court should deny this request because the facts to not warrant such a change from the sentencing scheme outlined in the sentencing guidelines.

Although the Supreme Court has found the Federal Sentencing Guidelines to be advisory and not mandatory, United States v. Booker, 125 S. Ct. 738 (2005), the Court should still consider the guidelines, and follow them unless presented with a reason to fashion an alternative sentence. In the present case, no such reason has been presented. U.S.S.G. §5C1.1, Imposition of a Term of Imprisonment, states: "(a) A sentence conforms with the guidelines for imprisonment if it is within the minimum and maximum terms of the applicable guideline range. . . . (f) If the applicable guideline range is in Zone D of the Sentencing Table, the minimum term shall be satisfied by a sentence of imprisonment." Defendant's sentencing range of 37 to 46 months is in Zone D of the Sentencing Table, and therefore a sentence of imprisonment is appropriate.

The Guidelines have identified when a departure might be appropriate: "[A] extraordinary physical impairment may be a reason to depart downward; <u>e.g.,</u> in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than imprisonment.  U.S.S.G. §5H1.4.  Home Detention may be imposed as a condition of probation or supervised release, but only as a substitution for imprisonment. U.S.S.G. §5F1.2.

Because defendant has not identified any similar reason for a departure, home confinement is not warranted.  Defendant is no different from any other first time drug offender, and his lack of a criminal record and he recent marriage are not reasons give him a home confinement sentence.

The sentencing factors enumerated in 18 U.S.C.§. 3553  fall within  three main categories: the nature of the offense,  the needs of the public and the history and characteristic of the defendant.  <u>United States v. Ranum,</u> 353 F.Supp. 2d. 984, 989 (E.D. Wis. 2005).  All these factors warrant a sentence of incarceration within the guideline range.

**A. The Nature of the Offense and Public Protection**

 The case involved the distribution of illegal drugs.  It is a serious crime and there are serious risks to the public created by this crime.  Because defendant was involved in a large distribution of drugs his guideline sentence requires a prison sentence, and not a home detention sentence.

**B.  The Need for the Sentence Imposed to Reflect the Seriousness of the Offense**

A period of incarceration, and not home detention, is necessary to reflect the seriousness of this felony offense, and to act as a criminal deterrent.  Home confinement sentences do not reflect the serious nature of this crime, and should only be used in very limited circumstances,

where a defendant has health concerns which cannot be addressed, or when the crime is of a non

serious nature, perhaps in regulatory offense.

### C. The History and Characteristics of the Defendant

A sentence at the low end of the guidelines will consider his lack of criminal history.

**To Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment**.

A sentence of imprisonment will allow defendant to receive training in a structured

setting, something he would not have if he were in home confinement.

Furthermore, it is established that district courts do not have jurisdiction to take into

account time served by a prisoner prior to sentencing when formulating his sentence. United

States v. Jones, 34 F.3d 495, 499 (7th Cir.1994). The Supreme Court has determined that the

Attorney General of the United States is the party who properly must determine whether a

prisoner is entitled to credit against his sentence; district courts are not authorized to compute any

such credit at sentencing. United States v. Wilson, 503 U.S. 329, 334, 112 S.Ct. 1351, 1354, 117

L.Ed.2d 593 (1992).

Therefore, the Court should deny defendant's request to be committed to home

confinement, because it would be a sentence outside the advisory guidelines range, and no reason

has been identified for such a sentence.  Furthermore, the factors enumerated in 18 U.S.C. §3553

require a sentence of imprisonment to show the serious nature of the offense, and to rehabilitate

the defendant.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

_____

David P. Cora
Assistant United States Attorney
Narcotics Section, Fla.  Bar No. 471623
555 4th Street, N.W.  #4840
Washington, DC 20530
(202)616-3302; Fax: 353-9414